UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

JAMES LEROY HERRINGTON,

                Plaintiff,

      v.

ESTATE OF DR. JODEAN ELLIOT-BLAKESLEE and DR. THOMAS BRISTOL,

                Defendants.

Case No.: 2:13-cv-0948-AC

OPINION AND ORDER

ACOSTA, Magistrate Judge:

Plaintiff James Leroy Herrington ("Herrington") filed this matter *pro se* for alleged violations of his civil rights under 42 U.S.C. § 1983. He alleges that, while he was housed in Snake River Correctional Institution ("SRCI"), his physicians ("Defendants") administered constitutionally insufficient medical care which violated Herrington's Eighth Amendment right against cruel and unusual punishment.

OPINION AND ORDER - 1

[RMD]

*Procedural History*

On May 20, 2015, Defendants filed a motion for summary judgment. (Dkt. No. 108.) The following day, the court sent Herrington a "Summary Judgment Advice Notice" and set a response deadline of June 25, 2015. (Dkt. No. 111.) On June 18, 2015, Herrington filed a Motion for Extension of Time to File a Response to Motion for Summary Judgment, which the court granted. (Dkt. Nos. 113, 115.) The court set August 10, 2015, as Herrington's new deadline to respond. (Dkt. No. 115.) Herrington did not file a response by the deadline, and on September 11, 2015, Defendants filed a Notice of Non-Opposition to their motion for summary judgment, explaining that Herrington did not meet his deadline to respond and requesting that if the court further extended Herrington's deadline, Defendants receive a corresponding extension on their reply deadline. (Dkt. No. 121.) On September 25, 2015, Herrington filed another motion for extension of time to respond to Defendants' Motion for Summary Judgment. (Dkt. No. 122.) The court again granted Herrington's motion to extend, and ordered him to file his response by October 29, 2015. (Dkt. No. 123.) In its order, the court advised Herrington "that no further requests for extension of time will be considered by the Court absent extraordinary circumstances." (Dkt. No. 123.)

Herrington did file his response by October 29, 2015, but on that day Herrington again moved for an extension of time. (Dkt. No. 130.) The court granted the extension and set a new response deadline of November 12, 2015. (Dkt. No. 132.) On November 6, 2015, before the response deadline had passed, Herrington filed a fourth motion to extend the response deadline, and requested a new deadline of November 30, 2015. (Dkt. No. 134.) The court granted Herrington's motion and set November 30, 2015 as the new response deadline. (Dkt. No. 136) The court emphasized in its November 9, 2015 minute order "that NO FURTHER EXTENSIONS of this deadline will be

granted." (Dkt. No. 136) (emphasis original).

By December 1, 2015, Herrington had not filed his response. The court terminated the response deadline and ordered Defendants' Motion for Summary Judgment be taken under advisement as of November 30, 2015. (Dkt. No. 140.) Six days later, on December 7, 2015, Herrington filed his fifth Motion for extension of time. (Dkt. Nos. 141, 142.) The court denied Herrington's motion to extend and struck Herrington's Response from the record. (Dkt. No. 143.)

On December 30, 2015, Herrington filed a motion for reconsideration of the court's order denying his motion for extension of time. (Dkt. No. 144.) He argues he was limited to two one-and -a-half or two-hour sessions in the law library, depending on whether he needed photocopies made, and does not have the formal legal training necessary to quickly draft the briefs necessary to pursue his claims. (Dkt. Nos. 144, 145.)

### Discussion

The Federal Rules of Civil Procedure do not explicitly discuss motions for reconsideration. *Allen v. Nw. Permanente, P.C.*, No. 3:12-cv-0402-ST, 2012 WL 5996935, at *1 (D. Or. Nov. 30, 2012). However, the rules allow parties to ask the court to revisit prior decisions and order them amended, rescinded, or reversed. FED. R. CIV. P. 54(b), 59(e), 60(b). After the court has entered a final judgment in the matter, a party may seek relief from that judgement "under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Rule 60(b) (relief from judgment)." *Allen*, 2012 WL 5996935, at *1 (quoting *Sch. Dist. No. 1J, Multnomah County, Or. v. AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)). Rule 60(b) provides that a court may "relieve a party or its legal representative from a final judgment, order or proceeding for the following reasons:"

OPINION AND ORDER - 3                                                    [RMD]

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud . . . , misrepresentation or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

FED. R. CIV. P. 60(b).  Rule 59(e) does not articulate a test to determine when a court should reconsider a prior decision, but courts have determined that reconsideration under Rule 59(e) is "appropriate if the district court (1) is presented with newly discovered evidence, (2) committed a clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sissoko v. Rocha,* 440 F.3d 1145, 1153-54 (9th Cir. 2006), *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

Finally, the court may reconsider and amend its prior orders pursuant to its inherent authority. However, reconsideration pursuant to the court's inherent authority is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *PacifiCorp v. Gas Transmission Nw. Corp,* No. 3:10-cv-00099-PK, 2014 WL 186903, at *5 (D. Or. Jan. 14, 2014), *quoting Kona Enters., Inc.,* 229 F.3d at 890.  As a result, courts tend to apply a rigorous standard. Courts analyzing reconsideration under their inherent authority most commonly use a four-prong test similar to that applied to motions for reconsideration under Rule 59(e) and 60(b). *See Am. Rivers v. NOAA Fisheries*, No. CV-04-00061-RE, 2006 WL 1983178, at *2 (D. Or. July 14, 2006) (listing

OPINION AND ORDER - 4                                                              [RMD]

cases); *but see PacifiCorp*, 2014 WL 186903, at *5 (applying a three-pronged "Rule 59(e)" test).

The court follows the four-prong test and thus will reconsider its decision only if:

> (1) there are material differences in fact or law from that presented to the court and, at the time of the court's decision, the party moving for reconsideration could not have known the factual or legal differences through reasonable diligence;

> (2) there are new material facts that happened after the Court's decision;

> (3) there has been a change in law that was decided or enacted after the court's decision; or;

> (4) the movant makes a convincing showing that the court failed to consider material facts that were presented to the court before the court's decision.

*American Rivers*, 2006 WL 1983178, at *2.

Regardless of the test the court applies, Herrington does not justify reconsideration of the court's December 8, 2015 order denying his motion for extension of time and striking his response from the record. Herrington's original response deadline was June 25, 2015. The court granted Herrington four extensions and even extended Herrington's response deadline when Herrington filed his motion to extend after the previous deadline had passed. The court even granted Herrington an extension of time after he was warned that no additional extensions would be considered. Now, more than six months after the original deadline, after Herrington was unequivocally warned that "NO FURTHER EXTENSIONS of this deadline would be granted," and after the final response deadline was passed and terminated, Herrington moved once more to extend the response deadline. He did not then, and does not now, present persuasive evidence or argument which convinces this court that he is entitled to an additional extension. Nor does Herrington present persuasive evidence or argument that the court's December 8, 2015 order denying his fifth motion to extend was based on legal error or should otherwise be disturbed. Therefore Herrington's Motion for Reconsideration

OPINION AND ORDER - 5                                                              [RMD]

of Order on Motion for Extension of Time is denied.

*Conclusion*

For the aforementioned reasons, Herrington's Motion for Reconsideration (Dkt. No. 144) is

DENIED.

IT IS SO ORDERED

This 7th day of January, 2016

JOHN V. ACOSTA
United States Magistrate Judge

OPINION AND ORDER - 6                                              [RMD]